UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| EASTON LLOYD MERCY,<br><br>Plaintiff,<br><br>vs.<br><br>WESTON BETTELYOUN, Correctional Officer Pennington County Jail, official capacity,<br><br>Defendant. | 5:25-CV-05068-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff Easton Lloyd Mercy, an inmate at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Mercy filed a motion for leave to proceed in forma pauperis and provided a completed prisoner trust account report. Docs. 2, 8.

I.   **Motion for Leave to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Mercy reports an average monthly balance for the past six months in his prisoner trust account of $0.00 and an average monthly deposit of $0.00.[1] Doc. 8. Based on this information, the Court grants Mercy's motion for leave to proceed in forma pauperis, Doc. 2, and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Mercy must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Mercy's institution. Mercy remains responsible for the entire filing fee as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

---

[1] Mercy filed a second prisoner trust account report, dated November 14, 2025, which contains the same information regarding his account balances. Doc. 21.

## II.     1915A Screening

### A.     Factual Background

Mercy alleges that he was sexually molested by Defendant Bettelyoun, a correctional officer at the Pennington County Jail, when Bettelyoun "instructed [Mercy] to expose [his] private parts[]" and "instructed [Mercy] to insert [his] male member into [Bettelyoun's] mouth while [Mercy] was in administrative segregation [sic] through the food access port of [the] cell door[.]" Doc. 1 at 2 (capitalization in original omitted). Mercy alleges that this incident violated his Eighth Amendment rights and initiated this § 1983 suit against Bettelyoun in his official capacity only. Id. at 2, 4. Mercy's request for relief is limited to the statement, "I Deserve Justice. I want Victim Rights." Id. at 7.

Mercy alleges that he sought administrative remedies when he "talked to the FBI" about the alleged incident involving Bettelyoun. Id. at 4. After he submitted his complaint, Mercy filed several supplements[2] providing additional information regarding the administrative remedies he sought. See Docs. 9, 10, 13, 15, 18, 19, 20. In one supplement, Mercy references making a "Prea report" which this Court understands to be a complaint made pursuant to the Prisoner Rape Elimination Act (PREA). Doc. 9 at 5; see also Doc. 13 at 2. Mercy also claims that the FBI "found [him] to be a victim" and that he has a Victim ID Number. Doc. 10 at 2.

### B.     Legal Standard

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89,

---

[2] Mercy's supplements largely repeat the same description of the incident Mercy details in his complaint. See, e.g., Doc. 9 at 3; Doc. 10 at 2.

3

94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This Court will now assess Mercy's claims under 28 U.S.C. § 1915A.

C.  **Legal Analysis**

   1.  **Eighth Amendment Claims Against Bettelyoun in his Official Capacity**

Liberally construing his complaint, Mercy brings an Eighth Amendment sexual assault claim against Bettelyoun. The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[O]nly the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Id. (citation and internal quotations omitted).

A prison official's sexual assault or harassment of an inmate can, under certain circumstances, "constitute the unnecessary and wanton infliction of pain forbidden by the Eighth Amendment." Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) (internal citation and quotations omitted); see also Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998). A plaintiff bringing an Eighth Amendment claim for sexual abuse must "prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." Freitas, 109 F.3d at 1338.

Here, Mercy brings claims against Bettelyoun only in his official capacity. Doc. 1 at 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Therefore, Mercy's claim against Bettelyoun in his official capacity as a correctional officer at the Pennington County Jail is, in effect, against Pennington County, the governmental entity employing Bettelyoun. Doc. 1.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Instead, a county "can only be held liable for the unconstitutional acts of its employees under § 1983 'when those acts implement or execute an unconstitutional policy or custom of the [political] subdivision.'" Marquez v. Peterson, No. 5:24-CV-05041-KES, 2025 WL 815208, at *4 (D.S.D. Mar. 13, 2025) (quoting Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)); see also Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that the governmental "entity's official policy or custom must have caused the constitutional violation" in order for that entity to be liable under § 1983 (citation modified)). Because Mercy does not allege that Pennington County had a policy or custom that caused a violation of his federal rights, his claim against Pennington County, and therefore Bettelyoun in his official capacity, is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. **Option to File Amended Complaint**

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law[]" and this Court may not act as Mercy's counsel. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) (citation omitted). Mercy's complaint plainly sues Bettelyoun only in his official capacity, and this Court declines to read it as asserting otherwise. Doc. 1 at 2.

However, Mercy may file an amended complaint[3] seeking relief that this Court can award. If Mercy chooses to file an amended complaint, he must do so within thirty (30) days from the

---

[3] In the supplements he filed after filing his complaint, Mercy appears to assert new claims, name additional defendants, and request alternative relief. See, e.g., Doc. 9 at 7; Doc. 18 at 1; Doc. 20 at 1. But filing an amended complaint is the appropriate vehicle for asserting new claims against

date of this Court's screening order. Failure to file an amended complaint will result in the dismissal of Mercy's case without prejudice for failure to prosecute and failure to state a claim.

Mercy is cautioned that "an amended complaint supersedes an original complaint and renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)). Thus, any claim Mercy seeks to bring against any defendant must be included in an amended complaint.

### III. Remaining Motions

Mercy filed several motions to appoint counsel. Docs. 6, 11, 18.[4] "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. Mercy's claims do not appear to be complex, and even though he failed to sue Bettelyoun in his individual capacity, Mercy is able to investigate the facts and should be able to present his claims adequately in an amended complaint if he wishes to proceed. This Court believes that Mercy is capable of pursuing his claims pro se at this phase of litigation, and his motions to appoint counsel, Docs. 6, 11, 18, are denied at this time.

---

new defendants, requesting alternative relief, and including additional facts relevant to this Court's screening of his complaint. See United States v. Vorachek, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) ("An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time." (citation omitted)).
[4] In his filing titled "Motion for Intervention[,]" Mercy states that he is "trying to get representation or consel [sic]," which this Court construes as a motion to appoint counsel. Doc. 18 at 1.

Mercy also filed a motion requesting that he be able to speak with the Court, Doc. 19, which this Court construes as a motion for an ex parte hearing. Ex parte hearings in civil cases are extremely rare, and there are no grounds here for a temporary restraining order or other such cause for an ex parte hearing. Because Mercy provides no reason for why an ex parte hearing is necessary at this time, his motion is denied.

## IV.  Conclusion

Accordingly, it is

ORDERED that Mercy's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that the Clerk of Court shall send a copy of this order to the appropriate financial official at Mercy's institution. It is further

ORDERED that the institution having custody of Mercy is directed that whenever the amount in Mercy's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Mercy's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full. It is further

ORDERED that Mercy's Eighth Amendment claim against Bettelyoun in his official capacity is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) though this Court delays for 30 days in entering judgment of dismissal to allow Mercy time to amend his complaint. If Mercy chooses to file an amended complaint, the Court will screen his amended complaint and, if appropriate, direct service.

ORDERED that Mercy's motions to appoint counsel, Docs. 6, 11, 18, are denied. It is finally

ORDERED that Mercy's motion for an ex parte hearing, Doc. 19, is denied.

DATED January 12th, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE