UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| EASTON LLOYD MERCY,<br><br>Plaintiff,<br><br>vs.<br><br>WESTON BETTELYOUN, Correctional Officer Pennington County Jail, official capacity,<br><br>Defendant. | 5:25-CV-05068-RAL<br><br><br><br>ORDER DENYING MOTION TO AMEND COMPLAINT |

Plaintiff Easton Lloyd Mercy, an inmate at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Mercy brought claims against Weston Bettelyoun, a correctional officer at the Pennington County Jail, in his official capacity only. Id. at 2, 4. This Court screened Mercy's complaint and dismissed Mercy's claims against Bettelyoun because Mercy did not allege that Pennington County had a policy or custom that caused a violation of Mercy's federal rights. Doc. 22 at 6. The Court, however, informed Mercy that it would delay in entering judgment to allow Mercy the opportunity to amend his complaint should he wish to do so. Id. at 6–7.

Mercy filed a motion to amend his complaint, stating "I wish to Amend my original complaint by adding Pennington County as the Defendant." Doc. 23 at 1. But this does not comply with LR 15.1 of the Civil Local Rules of Practice for the District of South Dakota. See D.S.D. Civ. LR 15.1. "While pro se pleadings are liberally construed, pro se plaintiffs must still follow the court's local rules." Johnson v. Kaemingk, 381 F. Supp. 3d 1104, 1113 (D.S.D. 2019). The Court will provide Mercy until **March 12, 2026**, to file a motion to amend and a proposed amended complaint. If Mercy wishes to amend his original complaint, he must include with his motion to

amend a proposed amended complaint that includes each and every claim he wishes to bring against every defendant in this action and he must comply with local rule 15.1.

As this Court informed Mercy when screening his complaint, "an amended complaint supersedes an original complaint and renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines. Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)); see also Doc. 22 at 7. Any claim Mercy seeks to bring against any defendant must be included in an amended complaint. If Mercy does not file a motion to amend along with a proposed amended complaint, his complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), as stated in this Court's screening order, Doc. 22.

Accordingly, it is

ORDERED that Mercy's motion to amend his complaint, Doc. 23, is denied. If Mercy wishes to amend his original complaint, he must include with his motion to amend a proposed amended complaint that includes each and every claim he wishes to bring against every defendant in this action and he must comply with local rule 15.1. It is further

ORDERED that if Mercy does not file a motion to amend along with a proposed amended complaint by **March 12, 2026,** his complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

DATED February __10__, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE