UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| EASTON LLOYD MERCY,<br><br>Plaintiff,<br><br>vs.<br><br>WESTON BETTELYOUN, Correctional Officer Pennington County Jail, official capacity,<br><br>Defendant. | 5:25-CV-05068-RAL<br><br>ORDER DISMISSING COMPLAINT |

Plaintiff Easton Lloyd Mercy, an inmate at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Mercy brought claims against Weston Bettelyoun, a correctional officer at the Pennington County Jail, in his official capacity only. Id. at 2, 4. This Court screened Mercy's complaint and dismissed Mercy's claims against Bettelyoun. Doc. 22. The Court informed Mercy that his claim against Bettelyoun in his official capacity as a correctional officer at the Pennington County Jail was, in effect, against Pennington County, the governmental entity employing Bettelyoun. Id. at 5. And, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also Doc. 22 at 6. The Court informed Mercy that because he did not allege that Pennington County had a policy or custom that caused a violation of his federal rights, his claim against Pennington County, and therefore Bettelyoun in his official capacity, was dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Doc. 22 at 6.

The Court, however, informed Mercy that it would delay in entering judgment to allow Mercy the opportunity to amend his complaint should he wish to do so. Id. at 6–7. Mercy subsequently filed a motion to amend his complaint, stating "I wish to Amend my original complaint by adding Pennington County as the Defendant." Doc. 23 at 1. But because this did not comply with LR 15.1 of the Civil Local Rules of Practice for the District of South Dakota, the Court issued an order on February 10, 2026, denying Mercy's motion to amend his complaint and giving him until March 12, 2026, to file an amended complaint that complied with this Court's local rules. Doc. 24.

On February 12, 2026, the Court received a proposed amended complaint from Mercy. Doc. 25. The proposed amended complaint was dated February 9, 2026, and postmarked February 11, 2026, meaning that Mercy had not seen the Court's order denying his motion to amend his complaint for failure to submit a proposed amended complaint. Id. at 5, 6. Even though Mercy has complied with this Court's local rules by submitting a proposed amended complaint, this Court still must deny Mercy's motion to submit an amended complaint because his proposed claims are futile.

"Although leave to amend a complaint 'should be freely granted,' it may be denied if the proposed amended pleading would be futile." Ingrim v. State Farm Fire & Cas. Co., 249 F.3d 743, 745 (8th Cir. 2001) (quoting Wald v. Sw. Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1005 (8th Cir. 1996)). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008)). In his proposed amended complaint, Mercy alleges essentially the same

claims and statement of facts that he asserted in his original complaint, with the only major difference being that his amended complaint lists Pennington County as the only defendant.[1] Compare Doc. 1, with Doc. 25. In its screening order, this Court informed Mercy that a county "can only be held liable for the unconstitutional acts of its employees under § 1983 'when those acts implement or execute an unconstitutional policy or custom of the [political] subdivision.'" Marquez v. Peterson, No. 5:24-CV-05041-KES, 2025 WL 815208, at *4 (D.S.D. Mar. 13, 2025) (quoting Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)); Doc. 22 at 6. Mercy's proposed amended complaint only lists Pennington County as a defendant and does not allege that an unconstitutional policy or custom existed. See Doc. 25. Because his proposed amended complaint is futile, Mercy's motion to amend his complaint must be denied. In accordance with its previous screening order, Doc. 22, Mercy's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Because this dismissal is without prejudice, Mercy's claims may be re-filed in a new lawsuit. Mercy may file a complaint in a new action asserting claims against defendants in their proper capacities and requesting injunctive or monetary relief.

---

[1] Mercy may have intended to list Pennington County Jail as a defendant. See Doc. 25 at 2. But even if this is the defendant Mercy intended to name, his proposed amended complaint remains futile because a county jail is not an entity amenable to suit under 28 U.S.C. § 1983. See Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit.").

Accordingly, it is

ORDERED that Mercy's complaint, Doc. 1, is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that the Clerk of Court send Mercy new pro se prisoner § 1983 forms.

DATED February 17th, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE