UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| EASTON LLOYD MERCY, | 5:25-CV-05068-RAL |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL |
| WESTON BETTELYOUN, Correctional Officer Pennington County Jail, official capacity, | |
| Defendant. | |

Plaintiff Easton Lloyd Mercy, an inmate at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Mercy's motion for leave to proceed in forma pauperis and screened his complaint for dismissal. Doc. 22. The Court later dismissed Mercy's motion to amend his complaint as futile and entered a judgment of dismissal. Docs. 26, 27. Mercy appeals this Court's order dismissing his complaint, Doc. 28, and filed a motion for leave to proceed in forma pauperis on appeal. Doc. 29.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id. (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments

in civil cases must sooner or later pay the appellate filing fees in full." Id. (footnote and citation omitted).

In Henderson, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, a court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

(A)    the average monthly deposits to the prisoner's account; or
(B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). It appears that Mercy's appeal is taken in good faith. His most recent prisoner trust account report shows average monthly deposits of $0.00 and an average monthly balance of $0.00. Doc. 30 at 1. This Court grants Mercy leave to proceed in forma pauperis and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance.

Accordingly, it is

ORDERED that Mercy's motion for leave to proceed in forma pauperis on appeal, Doc. 29, is granted and his initial partial filing fee is waived. It is further

ORDERED that the Clerk of Court will send a copy of this order to the appropriate financial official at Mercy's institution. It is finally

ORDERED that the institution having custody of Mercy is directed that whenever the amount in Mercy's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $605 is paid in full.

DATED March **17**, 2026.

BY THE COURT:

_____

ROBERTO A. LANGE
CHIEF JUDGE

3